# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

JOHN ANTHONY BAILEY,      )
                                    )

      Movant,           )
                                      )

VS.                        )       No. 09-1140-JDT-egb
                                    )       Crim. No. 04-10007-JDT

UNITED STATES OF AMERICA,    )
                                    )

      Respondent.      )

---

## ORDER DENYING MOTION FOR EMERGENCY
## RE-SENTENCING AND FOR IMMEDIATE RELEASE,
## DENYING A CERTIFICATE OF APPEALABILITY,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Defendant John Anthony Bailey, Bureau of Prisons ("BOP") register number 19338-

076, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a *pro se*

motion pursuant to 28 U.S.C. § 2255 on June 19, 2009. (ECF No. 1.)[1] Following an answer

by the United States (ECF No. 6) and a reply by the Defendant (ECF No. 15), the Court

---

[1] On June 16, 2004, Bailey was convicted by a jury in this district on one count of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g). (No. 04-10007-JDT, Crim. ECF Nos. 27 & 32.) He was sentenced on December 30, 2004, to a 262-month term of imprisonment and three years of supervised release. (*Id.*, Crim. ECF No. 65.) Judgment was entered on January 3, 2005. (*Id.*, Crim. ECF No. 68.) On direct appeal, the conviction was affirmed but the case was remanded for re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Bailey*, No. 05-5121, slip op. at 4 (6th Cir. Sept. 13, 2006). At re-sentencing, Bailey was sentenced to a 204-month term of imprisonment and three years of supervised release. (No. 04-10007-JDT, Crim. ECF No. 104.) Bailey again appealed, and the sentence was affirmed. *See United States v. Bailey*, 264 F. App'x 480 (6th Cir.), *cert. denied*, 554 U.S. 909 (2008).

denied the § 2255 motion as to every issue except for the claim that trial counsel was ineffective in failing to challenge the sentencing court's use of a prior conviction for reckless endangerment as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (ECF No. 22.) The parties filed supplemental briefs on that issue. (ECF Nos. 26 & 31.) On September 13, 2012, the Court denied relief on the remaining claim, denied a certificate of appealability, certified an appeal by Bailey would not be taken in good faith and denied leave to appeal *in forma pauperis* (ECF No. 35); judgment was entered on September 18, 2012 (ECF No. 36).

On September 26, 2012, Bailey filed a motion to alter or amend the judgment and to supplement and amend his § 2255 motion (ECF No. 37); he filed a second motion to supplement and amend on August 8, 2013 (ECF No. 39). The Court issued an order denying the motions on November 26, 2013. (ECF No. 44.) The Court acknowledged that if Bailey were being sentenced anew, his prior conviction for reckless endangerment would not qualify as a violent felony under the ACCA based on the intervening decisions in *Jones v. United States*, 689 F.3d 621, 626 (6th Cir. 2012), and *United States v. McMurray*, 653 F.3d 367, 376 n.9 (6th Cir. 2011). (ECF No. 44 at 2-3.) However, the Court reiterated that Bailey's trial counsel was not ineffective by failing to anticipate future developments in the law. (*Id.* at 3-4.)

Bailey further contended in the motion to alter or amend that his prior drug convictions did not qualify as predicate offenses under the ACCA because for a Class B felony under Tennessee law, the presumptive sentence for a Range I Standard Offender was

only eight years. (*See* ECF No. 37 at 3.) Under the ACCA, a qualifying "serious drug offense" must have "a maximum term of imprisonment of ten years or more." 18 U.S.C. § 924(e)(2)(A)(ii). However, the Court noted that Tennessee Code Annotated § 40-35-111(b)(2) clearly provides that the maximum sentence for a Class B felony is thirty years. The Court found that Bailey's argument to the contrary was foreclosed by the Supreme Court's decision in *United States v. Rodriguez*, 553 U.S. 377, 382-84, 390-91 (2008). (*See* ECF No. 44 at 6-7.) Consequently, the Court denied relief and again denied a certificate of appealability. (*Id.* at 7-8.) Bailey filed a notice of appeal, and the Sixth Circuit also denied a certificate of appealability. *Bailey v. United States*, No. 13-6623 (6th Cir. Aug. 8, 2014).

On July 8, 2015, Bailey filed a "Motion for Emergency Resentencing Upon Overturning of Invalid Priors and Request for Order Directing Immediate Release From Incarceration." (ECF No. 51.) He contends that, pursuant to the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clause of the ACCA's definition of "violent felony" unconstitutionally vague), his conviction for reckless endangerment is not a valid predicate offense under the ACCA.[2] Bailey also again contends that his prior drug convictions were not properly counted because the presumptive sentence was only eight years. Lastly, he asserts that one of his prior drug convictions has been overturned in state court.

---

[2] On April 18, 2016, the Supreme Court held the decision in *Johnson* is retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

On April 6, 2016, Bailey filed a motion for leave to file a second or successive § 2255 motion in the Sixth Circuit, pursuant to 28 U.S.C. § 2244(b)(3). *In re Bailey*, No. 16-5425 (6th Cir. docketed Apr. 6, 2016). In the corrected motion filed in the Court of Appeals on April 25, 2016, Bailey indicates that he seeks to raise the same issues that he has raised in the "emergency" motion for re-sentencing filed in this Court. *See id.* (ECF No. 5). In addition, Bailey has now filed a Petition for Writ of Mandamus in the Court of Appeals, seeking an order compelling this Court to rule on his "emergency" motion. *In re Bailey*, No. 16-5885 (6th Cir. docketed June 17, 2016).[3]

The Court already determined, in the order denying his motion to alter or amend the judgment, that even if Bailey's conviction for reckless endangerment cannot be considered, he still has three prior drug convictions that were properly counted as predicate ACCA offenses. (ECF No. 44 at 6-7.) The fact that the conviction for reckless endangerment may now also be foreclosed by the decision in *Johnson* instead of by Sixth Circuit case law alone does not require any further consideration by the Court. Bailey's reiteration of the argument that his prior drug convictions cannot be counted because the presumptive sentences were only eight years also raises nothing new requiring additional analysis.

Bailey now also asserts that one of his prior drug convictions has been overturned by a state court. (ECF No. 51 at 6.) Such a claim does not require leave to file a second or

---

[3] Bailey also filed a habeas petition pursuant to 28 U.S.C. § 2241 on June 7, 2016, asserting that he is actually innocent of the underlying offense of felon in possession. *Bailey v. Batts*, No. 16-1142-JDT-egb (W.D. Tenn.). That petition will be screened in accordance with the Court's usual procedures.

successive § 2255 motion. *See In re Price*, No. 15-6144, slip op. at 2-3 (6th Cir. June 2, 2016).

On October 20, 2014, Circuit Judge Roy B. Morgan, Jr., of the Madison County Circuit Court,[4] vacated Bailey's conviction in case number 95-370 and dismissed the underlying indictment. (ECF No. 51 at 8-9, Ex. 1.) However, the information in the Presentence Investigation Report ("PSR") prepared by the U.S. Probation Office indicates that Bailey had four prior drug convictions, not merely three. (PSR ¶ 7, at 5-6.) Case number 95-370, the conviction that Judge Morgan set aside, involved the sale and delivery of cocaine on August 18, 1994. (*Id.* ¶ 26, at 9-10.) That conviction was not one of the three drug convictions specifically relied upon by this Court at re-sentencing to determine that Bailey qualified as an armed career criminal under the ACCA. The three Madison County convictions on which the Court relied were case number 96-168, possession of over .5 gram of cocaine with intent to sell occurring on November 28, 1995 (*id.* ¶ 27, at 10); case number 96-72, the sale of over .5 gram of cocaine, also occurring on November 28, 1995 (*id.* ¶ 28, at 11); and case number 96-73, the sale of over .5 gram of cocaine occurring on November 24, 1995 (*id.* ¶ 29). *See also United States v. Bailey*, No. 04-10007-JDT (W.D. Tenn.) (Re-sentencing Hr'g Tr., ECF No. 109 at 32-34). Therefore, even though Bailey's conviction in Madison County case number 95-370 has been vacated, he still has three prior drug convictions that are valid predicate offenses under the ACCA.

---

[4] Madison County is part of the Twenty-Sixth Judicial District of Tennessee, which also includes the counties of Chester and Henderson. Tenn. Code Ann. § 16-2-506(26).

Bailey is not entitled to relief based on the fact that one of his prior drug convictions has been vacated in state court. Therefore, Bailey's emergency motion for re-sentencing and for immediate release is DENIED. The Court also DENIES a certificate of appealability. It is CERTIFIED that an appeal by Bailey would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE